1  **DEBRA A. DiIORIO**
   DiIorio & Hall, APC.
2  California Bar No. 138018
   964 Fifth Avenue, Suite 214
3  San Diego, California  92101
   Telephone:  (619) 544-1451
4  Facsimile: (619) 544-1473

5  Attorneys for Defendant **Saint Lucero**

6

                    UNITED STATES DISTRICT COURT
7
                   SOUTHERN DISTRICT OF CALIFORNIA
8
                    (HONORABLE JEFFREY T. MILLER)
9

10 | UNITED STATES OF AMERICA,              ) Criminal No. 08-CR-1969-JM
   |                                        )
11 |         Plaintiff,                     ) Date: July 25, 2008
   |                                        ) Time: 11:00 a.m.
12 |     v.                                 )
   |                                        ) **DEFENDANT'S NOTICE OF**
13 | **CHRISTOPHER SAINT LUCERO,**          ) **MOTIONS AND MOTIONS TO:**
   |         Defendant                      ) **1) COMPEL DISCOVERY; AND**
14 |                                        ) **2) GRANT LEAVE TO FILE FURTHER**
   |                                        )    **MOTIONS**

15 TO:   KAREN HEWITT, UNITED STATES ATTORNEY, and
         MARK CONOVER, ASSISTANT UNITED STATES ATTORNEY
16
         PLEASE TAKE NOTICE that on Friday, July 25, 2008 at 11:00 a.m., or as soon
17
   thereafter as counsel may be heard, the defendant, Christopher Saint Lucero, by and through his
18
   counsel, Debra Ann DiIorio and the Law Offices of DiIorio & Hall, APC, will move this Court
19
   to 1) compel discovery; and 2) grant leave to file further motions.
20
   //
21
   //
22
   //
23
   //
24
   //
25
   //
26
   //
27

28

**MOTIONS**

The defendant, Christopher Saint Lucero, by and through his counsel, Debra Ann DiIorio and the Law Offices of DiIorio & Hall, APC, pursuant to Fed. R. Crim. P. 12, 14, 16 and 26.2; Title 18, United States Code Sections 3500-01 and 3504, and the Fifth and Sixth Amendments to the United States Constitution, hereby moves this Court to 1) compel discovery; 2) and grant leave to file further motions.

These motions are based upon the instant motions, the notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-entitled cause, and any and all other information that may be brought to the Court's attention prior to or during the hearing on these motions.

Respectfully submitted,

Dated: July 11, 2008

*/s/Debra A. DiIorio*
**DEBRA A. DiIORIO**
DiIORIO & HALL, APC
Attorney for Defendant **Saint Lucero**

**DEBRA A. DiIORIO**
DiIorio & Hall, APC.
California Bar No. 138018
964 Fifth Avenue, Suite 214
San Diego, California 92101
Telephone: (619) 544-1451
Facsimile: (619) 544-1473

Attorneys for Defendant **Saint Lucero**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

**(HON. JEFFREY T. MILLER)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 08-CR-1969-JM |
| Plaintiff, | Date: July 11, 2008 |
| v. | Time: 11:00 a.m. |
| **CHRISTOPHER SAINT LUCERO,** | **STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |
| Defendant, | |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is based solely on the complaint filed by the government on June 3, 2008, against Mr. Saint Lucero and his co-defendant, Manley Lamont Smith. The government has not yet produced any discovery. The facts alleged in these motions, therefore, are subject to amplification and/or modification at a future motion hearing; Mr. Saint reserves the right to take a contrary position at any future hearing as these facts are in no way intended by him as admissions.

On May 30, 2008, Vincent Reyes, a Wackenhut Transportation Officer ("T.O."), reported that Christopher Saint Lucero had admitted to being involved in alien smuggling. Agents from the San Diego Smuggling Interdiction Group ("SIG") investigated. On June 1, 2008, SIG Agent Ortiz, acting undercover, was placed in a holding cell at the Chula Vista Border Patrol station under the name of Alberto Rodriguez Osegueda. Five undocumented Mexican nationals were in the cell, as well as a detainee from El Salvador, William Romero Estrada. All seven men were

listed as Mexican nationals being processed for voluntary return to Mexico. Mr. Saint arrived at the station at 11:00 a.m. and loaded the men onto a Wackenhut bus for transportation to the San Ysidro Port of entry. The driver of the bus was T.O. Otha Hayes, Lucero's assigned partner for the shift.

Upon their arrival at the Port, Mexican Immigration officers questioned the detainees as to citizenship. Agent Ortiz stated that he was from El Salvador, as did Mr. Romero; both were separated from the others. Mr. Saint handcuffed Agent Ortiz and Mr. Romero and escorted them back to the bus. In response to Agent Ortiz' request to "give them a break," Saint questioned the two as to where they were going and asked them if they had any money. They then negotiated a fee of for transportation to Los Angeles and Mr. Saint left to make a phone call. Back at the Border Patrol Station, Manley Smith arrived in a Wackenhut Jeep Liberty. Ortiz and Romero got into the Jeep, as did Saint. Saint told Smith they were going to make $5000 and both men appeared very excited. Saint dropped the two men off at a park near the Station to await transportation to L.A. After they were uncuffed, Ortiz and Romero got out of the Jeep and Saint left. He returned a little over an hour later and was arrested by Agent Ortiz and others for alien smuggling. Smith was arrested shortly thereafter back at the Station. Both men made post-arrest statements regarding their involvement.

## II.

## MOTION TO COMPEL DISCOVERY

Mr. Saint Lucero requests the following discovery pursuant to Fed. R. Crim. P. 12(b)(4) and 16:

(1) all written and oral statements made by him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Saint Lucero is contained. It also includes the substance of any oral statements, regardless of whether the government intends to introduce such statements at trial. These are all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). Mr. Saint

1  Lucero also requests any response to any <u>Miranda</u> warnings which may have been given to him.
2  See <u>United States v. McElroy</u>, 697 F.2d 459 (2d Cir. 1982);

3      (2) all documents, statements, agents' reports, and tangible evidence favorable to Mr.
4  Torres on the issue of **guilt or punishment** and/or which affects the credibility of the
5  government's case. This evidence must be produced pursuant to <u>Brady v. Maryland</u>, 373 U.S.
6  83, 87 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976);

7      (3) all evidence, documents, records of judgments and convictions, photographs and
8  tangible evidence, and information pertaining to any prior arrests and convictions or prior bad
9  acts. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of prior
10 similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.
11 Mr. Saint Lucero specifically requests reasonable notice pursuant to Fed. R. Evid 404(b) of at
12 least four weeks prior to trial, of any evidence the government intends to introduce at trial under
13 this rule;

14     (4) all evidence seized as a result of any search, either warrantless or with a warrant, in
15 this case. Mr. Saint Lucero specifically requests copies of all documents and evidence seized
16 from him and/or his co-conspirators, and requests copies of all documents, evidence and physical
17 items seized from the vehicle, as well as photographs, fingerprints, videotapes or recordings
18 made in this case. This is available under Fed. R. Crim. P. 16(a)(1)(C);

19     (5) all arrest reports, investigator's notes, memos from arresting officers, sworn
20 statements and prosecution reports pertaining to Mr. Saint Lucero and/or his co-conspirators.
21 These are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(I);

22     (6) the personnel file of the interviewing agent(s) containing any complaints of assaults,
23 abuse of discretion and authority and/or false arrest. <u>Pitchess v. Superior Court</u>, 11 Cal. 3d. 531,
24 539 (1974). In addition, the defense requests that the government examine the personnel files
25 of all testifying agents, and turn over <u>Brady</u> and <u>Giglio</u> material reasonably in advance of trial
26 <u>Kyles v. Whitley</u>, 115 S.Ct. 1555 (1955); <u>United States v. Henthorn</u>, 931 F.2d 29, 30-31(9th Cir.
27 1991). If the prosecutor is unsure as to whether the files contain <u>Brady</u> or <u>Giglio</u> material, the
28

1 files should be submitted to the Court, in camera. Id. The prosecution should bear in mind that
2 there exists an affirmative duty on the part of the government to examine the files. Id.

3    (7) Mr. Saint Lucero requests copies of any and all audio/video tape recordings made by
4 the agents in this case and any and all transcripts, including taped recordings of any
5 conversations of any of the agents adnd/or co-conspirators involved in this case. This evidence
6 is available under Fed. R. Crim. P. 16(a)(1)(C);

7    (8) Mr. Saint Lucero requests the name and last known business address of each
8 prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987);
9 United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses
10 by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense
11 has equal right to talk to witnesses).

12    (9) all other documents and tangible objects, including photographs, books, papers,
13 documents, photographs, or building or places or copies of portions thereof which are material
14 to Mr. Saint Lucero' defense or intended for use in the government's case-in-chief or were
15 obtained from or belong to either Mr. Saint Lucero or his co-conspirators. Rule 16(a)(1)(C);

16    (10) all results or reports of scientific tests or experiments, or copies of which are within
17 the possession, control, or custody of the government or which are known or become known to
18 the attorney for the government, that are material to the preparation of the defense, including the
19 opinions, analysis and conclusions of experts consulted by law enforcement including finger
20 print specialists in the instant case. These must be disclosed, once a request is made, even
21 though obtained by the government later, pursuant to Fed.R.Crim.Pro. 16(a)(1)(D).

22    (11) any express or implicit promise, understanding, offer of immunity, of past, present,
23 or future compensation, agreement to execute a voluntary return rather than deportation or any
24 other kind of agreement or understanding between any prospective government witness and the
25 government (federal, state and local), including any implicit understanding relating to criminal
26 or civil income tax liability. United States v. Shaffer, 789 F.2d 682 (9th Cir. 1986); United
27 States v. Risken, 788 F. 2d 1361 (8th Cir. 1986); United States v. Luc Levasseur, 826 F.2d 158

4

(1st Cir. 1987);

(12) any discussion with a potential witness about or <u>advice</u> concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed. <u>Brown v. Duggen</u>, 831 F.2d 1546, 1558 (11th Cir. 1986) (evidence that witness sought plea bargain is to be disclosed, even if no deal struck); <u>Haber v. Wainwright</u>, 756 F.2d 1520, 1524 (11th Cir. 1985);

(13) any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. <u>See</u> Rule 608(b), Federal Rules of Evidence and <u>Brady</u>;

(14) any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.), <u>cert. denied</u>, 474 U.S. 945 (1985); and,

(15) any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. July 11, 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980);

(16) the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1469 (9th Cir. 1984);

(17) the name and last known business address of each prospective government witness. <u>See United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses);

(18) the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in

5

the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); James v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1975);

(19) Mr. Saint Lucero requests a transcript of the grand jury testimony and rough notes of all witnesses expected to testify at the motion hearing or at trial. This evidence is discoverable under Fed. R. Crim. P. 12(I) and 26 and will be requested.

(20) Jencks Act Material. The defense requests all material to which defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during the pre-trial motions hearings or trial.

## III.

## CHRISTOPHER SAINT LUCERO REQUESTS THAT THE COURT GRANT LEAVE TO FILE FURTHER MOTIONS

Mr. Saint Lucero requests this Court to grant him leave to file further motions after complete discovery has been provided.

//
//
//
//
//
//

# IV.

# **CONCLUSION**

For the foregoing reasons, Mr. Saint Lucero requests that this Court grant the motions stated herein.

Respectfully submitted,

Dated: July 11, 2008
*/s/ Debra A. DiIorio*
**DEBRA A. DiIORIO**
DiIORIO & HALL, APC
Attorney for Defendant **Saint Lucero**

7

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA | |
| 3 | **(HONORABLE JEFFREY T. MILLER)** | |

UNITED STATES OF AMERICA,           )   Criminal No. **08-CR-1969-JM**
                                    )
           Plaintiff,               )
                                    )
     v.                             )
                                    )
**CHRISTOPHER SAINT LUCERO,**       )
                                    )
           Defendant,               )   PROOF OF SERVICE
                                    )
_____ )

I, the undersigned, say:

1. I am over eighteen years of age, a resident of the County of San Diego, State of California, and not a party to the within action;

2. My business address is 964 Fifth Ave., Suite 214, San Diego, California 92101;

3. I served the within **MOTION TO COMPEL DISCOVERY, AND FOR LEAVE TO FILE FURTHER MOTIONS** on opposing counsel by e-filing through the CM/ECF system;

I certify under penalty of perjury that the foregoing is true and correct. Executed on July 11, 2008, at San Diego, California.


                              */s/ Debra A. DiIorio*
                              Debra A. DiIorio